JS - 6     LINK: 23

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8081 GAF (JEMx) | Date | November 13, 2014 |
|---|---|---|---|
| Title | Halayne Kasoff v. Bankers Life and Casualty Company et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**      (In Chambers)

## ORDER RE: MOTION FOR SUMMARY JUDGMENT

### I.
### INTRODUCTION

Plaintiff Halayne Kasoff ("Plaintiff") is an elderly insured who purchased a long term care policy (the "Policy") from Defendant Bankers Life and Casualty Company ("Defendant"). (See Docket No. 23-1 [Decl. of Richard P. Tricker ("Tricker Decl.")] at Ex. 1 [First Amended Complaint ("FAC")].) Plaintiff alleges that Defendant failed to properly pay benefits due under the Policy and is now liable under four causes of action: (1) breach of contract; (2) tortious breach of the implied covenant of good faith and fair dealing; (3) conversion; and (4) elder abuse. (See id.) Defendant denies that Plaintiff was entitled to Policy benefits and now moves for summary judgement. (Docket No. 23 [Mem. for Summary Judgment ("Mem.")] at 1.) Each of Plaintiff's legal theories necessarily rely on the allegation that Defendant improperly denied coverage. (FAC ¶¶ 27, 31, 38, 42.) Therefore, if it can be shown that Plaintiff's claim was properly denied, then Defendant is entitled to summary judgment on all four counts of the FAC.

Both parties appear to agree that the question of Plaintiff's coverage rests on the proper meaning of a single Policy provision: "Any One Period of Expense." (Mem. at 1; Docket No. 24 [Plaintiff's Opposition ("Opp.")] at 12.) The Court finds no material facts are in dispute, that the meaning of the provision is clear and unambiguous and that, as a matter of law, Defendant's denial of coverage was proper. Accordingly, Defendants Motion for Summary Judgment is **GRANTED**. The Court sets forth its reasoning in further detail below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8081 GAF (JEMx) | Date | November 13, 2014 |
|---|---|---|---|
| Title | Halayne Kasoff v. Bankers Life and Casualty Company et al | | |

**II.
BACKGROUND**

**A. THE INSURANCE POLICY**

On June 1, 2001, Defendant issued Plaintiff a home care Policy, which covered various "home and community-based care services." (Docket No. 24-2 [Plaintiff's Statement of Controverted and Uncontroverted Facts ("SCUF")] ¶ 1; Tricker Decl. at Ex. 4 [Decl. of Rita Bennet ("Bennet Decl.")] at Ex. A [Kasoff Policy at 8].) The "Benefits Limitations" provision of the Policy provides that the insurer will not "pay more than the Maximum Benefit for Any One Period of Expense for the total of all Benefits payable under this policy combined." (Id. ¶ 114.) The Policy also provides the following relevant definitions:

> 'Any One Period of Expense' begins when the Insured first incurs a charge for expenses covered under this policy. It ends when, for six consecutive months, the Insured is no longer receiving Long-Term Care Services for the same cause or causes for which the previous Period of Expense began. Then provided the policy is in force, a new Period of Expense may begin. Under a new Period of Expense, the Maximum Benefit is fully restored and a new Deductible and Elimination Period apply.
>
> 'Maximum Benefit' means the maximum amount We'll pay per each Insured for the combined total of all expenses incurred and payable under the policy during Any One Period of Expense.

(Id. ¶¶ 3, 111.)

**B. PLAINTIFF'S CLAIMS**

Before the present dispute, Plaintiff received benefits under the Policy for two previous claims. (Id. ¶ 5.) First, on July 1, 2007, Plaintiff began receiving benefits for a knee injury and a "total right knee replacement." (Id.) Next, during sometime in 2009, Plaintiff submitted claims for a shoulder injury. (Id. ¶ 6.) The parties disputed coverage of the shoulder injury, leading Plaintiff to file suit. (Id. ¶ 7.) The matter was eventually settled, and Plaintiff received Policy benefits for her shoulder disability beginning on January 24, 2011. (Id. ¶¶ 7, 10.) Defendant paid benefits until Plaintiff reached the Maximum Benefit amount for her shoulder injury on January 7, 2013. (Id. ¶ 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8081 GAF (JEMx) | Date | November 13, 2014 |
|---|---|---|---|
| Title | Halayne Kasoff v. Bankers Life and Casualty Company et al | | |

      In the meantime, while receiving payments for her shoulder injury, Plaintiff suffered another accident resulting in injury. On January 23, 2012, Plaintiff fell and injured her knee and nose, after which she continued to receive benefits due to the earlier coverage triggering injury to her shoulder. (SCUF ¶ 9.) Those benefits were exhausted on January 7, 2013.

      On March 20, 2013, Plaintiff filed a claim for home care benefits for the 2012 knee injury. (Id. ¶ 14.) Because this claim was made less than six months after payments ceased for her prior injury, Defendant concluded that Plaintiff's claim was not under a "new Period of Expense, such that additional benefits were owed to her after January of 2013, because . . . [Plaintiff] had continued to receive home care for her shoulder disability after the knee injury occurred." (Id. ¶ 25.) Because six consecutive months had not passed since Plaintiff received "Long-Term care" resulting from the coverage-triggering shoulder injury, Defendants denied her claim. (Id.)

### III.
### DISCUSSION

**A. LEGAL STANDARDS**

     **1. SUMMARY JUDGMENT STANDARD**

      Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, when addressing a motion for summary judgment, the Court must decide whether there exist "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

      The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial, which it can meet by presenting evidence establishing the absence of a genuine issue or by "pointing out to the district court . . . that there is an absence of evidence" supporting a fact for which the non-moving party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Where the moving party bears the burden of persuasion at trial, it will meet its burden of persuasion on summary judgment only if it can show "that the evidence is so powerful that no reasonable jury would be free to disbelieve it." Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008) (internal quotation marks omitted); see also S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) ("As the party with the burden of persuasion at trial, the [moving party] must establish beyond controversy every essential element of its . . . claim."

Case 2:13-cv-08081-MWF-JEM Document 29 Filed 11/13/14 Page 4 of 7 Page ID #:607

JS - 6   LINK: 23

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8081 GAF (JEMx) | Date | November 13, 2014 |
|---|---|---|---|
| Title | Halayne Kasoff v. Bankers Life and Casualty Company et al | | |

(internal quotation marks omitted)). In other words, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006) (internal quotation marks omitted). However, "the moving party need not disprove the other party's case." Id. (citing Celotex, 477 U.S. at 325).

Once the moving party has carried its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(2). To defeat summary judgment, the non-moving party must put forth "affirmative evidence" that shows "that there is a genuine issue for trial." Anderson, 477 U.S. at 256–57. This evidence must be admissible. See Fed. R. Civ. P. 56(c), (e). The non-moving party cannot prevail by "simply show[ing] that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the non-moving party must show that evidence in the record could lead a rational trier of fact to find in its favor. Id. at 587. In reviewing the record, the Court must believe the non-moving party's evidence, and must draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255.

### 2. INTERPRETATION OF INSURANCE POLICIES

"Insurance policy interpretation is a question of California law, which requires courts to initially look to the insurance policy language in order to ascertain its plain meaning." United Nat'l Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 776 (9th Cir. 2009) (citing Cal. Civ. Code § 1636 ("A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful.")); see also Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 18 (1995) ("The rules governing policy interpretation require us to look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it."). In evaluating the language of an agreement, the various provisions should be examined "together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal. Civ. Code § 1641. "If a written policy provision is 'clear and explicit,' it must be given proper effect." Spectrum Worldwide, Inc., 555 F.3d at 777 (citing Fireman's Fund Ins. Co. v. Superior Court, 65 Cal. App. 4th 1205, 1212 (1997)).

If a policy provision is capable of two or more reasonable constructions, however, it is "ambiguous." Waller, 11 Cal. 4th at 18 ("A policy provision will be considered ambiguous when it is capable of two or more constructions, both of which are reasonable.") (citing Bay Cities Paving Grading, Inc. v. Lawyers' Mut. Ins. Co., 5 Cal. 4th 854, 867 (1993)). "[A] court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8081 GAF (JEMx) | Date | November 13, 2014 |
|---|---|---|---|
| Title | Halayne Kasoff v. Bankers Life and Casualty Company et al | | |

that is faced with an argument for coverage based on assertedly ambiguous policy language must first attempt to determine whether coverage is consistent with the insured's objectively reasonable expectations. In so doing, the court must interpret the language in context, with regard to its intended function in the policy." Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1265 (1992). If a court determines that two or more interpretations of a policy term are reasonable, it "must resolve the ambiguity in favor of the insured, consistent with the insured's reasonable expectations." E.M.M.I. Inc. v. Zurich American Ins. Co., 32 Cal. 4th 465, 473 (2004) (citation omitted). "[L]anguage in a contract must be interpreted as a whole, [however,] and in the circumstances of the case, and cannot be found to be ambiguous in the abstract. Courts will not strain to create an ambiguity where none exists." Waller, 11 Cal. 4th at 18-19 (internal citations omitted).

**B. APPLICATION**

Plaintiff focuses on one main point: the effect of the interpretation of the "Any One Period of Expense" provision on Plaintiff's entitlement to benefits. (See Opp.) Throughout its opposition, Plaintiff repeatedly asserted each cause of action survived because of Defendant's incorrect interpretation of the provision. (See 8-9 (Defendant "relie[d] on a misconstruction of the terms of the contract;" Defendant's interpretation was "highly disingenuous;" "Defendant adopted a plainly wrongful and misleading reading of the contract;" and Defendants "acted with malicious disregard" despite being aware of Plaintiff's entitlement to benefits.).) Thus, Plaintiff did not identify any material facts in dispute, but rather argues that Plaintiff's interpretation of the provision must lead the Court to conclude that Defendant acted unreasonably and improperly denied coverage, thereby breaching the Parties' contract, breaching the implied covenant of good faith, converting the premiums paid, and committing financial elder abuse. (Id.)

The dispute comes down to this: does "Any One Period of Expense" require a six month wash out period only with respect to injuries that are related to the coverage-triggering injury, as Plaintiff asserts, or does it apply to any injury whether or not related to the coverage-triggering injury, as Defendant asserts. Plaintiff's interpretation would permit an insured to receive benefits indefinitely if it suffered a series of unrelated injuries that rendered the insured in need of long-term care. Defendant's interpretation would mandate that, once the maximum benefit has been paid, a six month wash out period applies whether or not the insured suffered a second injury during the coverage period and whether or not that injury was related to the coverage-triggering injury.

Here, the provision at issue, "Any One Period of Expense," is not ambiguous; its plain meaning is "clear and explicit." In fact, Plaintiff and Defendant agree that the provision should

Case 2:13-cv-08081-MWF-JEM Document 29 Filed 11/13/14 Page 6 of 7 Page ID #:609

JS - 6   LINK: 23

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8081 GAF (JEMx) | Date | November 13, 2014 |
|---|---|---|---|
| Title | Halayne Kasoff v. Bankers Life and Casualty Company et al | | |

be interpreted to mean that, when the Maximum Benefit has been exhausted, "Any One Period of Expense" "ends when no additional charges for the initial cause are incurred for at least six months." (Opp. at 13; see also, Mem. at 14 ("the Policy makes plain that an insured will not be paid more than the Maximum Benefit for Any One Period of Expense, unless the policyholder qualifies for a 'New Period of Expense' to 'begin'. [sic]") The question then is what happens when a new injury occurs during a period when payments are being made for the consequences of an earlier occurring coverage-triggering injury.

Plaintiffs urge that, after the Maximum Benefit has been exhausted by an initial claim, the provision should be interpreted to limit continued benefits only for claims that are causally related to the initial claim. (Opp. at 13-14.) That is, Plaintiff reads the Policy to allow for recovery of would-be covered expenses, regardless of whether the Maximum Benefit has been paid for an initial injury and even if those expenses are incurred before the six-month washout period, so long as they are not related to the original coverage-triggering injury. (Id.) But Plaintiff's interpretation would seem to create the possibility of serial payment periods with no wash out period so long as an insured suffered unrelated injuries. Such an interpretation would read the wash out provision out of the contract for all injuries except those related to the coverage-triggering injury. Plaintiff points to nothing in the insurance policy that even remotely suggests that the end of "Any One Period of Expense" limits benefits payable only for the same "cause."

Defendant's position is consistent with the contract language and preserves the wash out period in all cases as suggested by the plain language of the policy. Indeed, a plain reading of the provision indicates that, after the Maximum Benefit has been exhausted, a "New Period of Expense" does not "begin" absent a consecutive six-month period during which the insured does not receive care for the benefit-triggering injury. (Mem. at 14-15.) Such language contains no limitation to suggest that it applies only when the subsequent injury is related to the initial benefit-triggering injury. (Id. at 6.) Such an interpretation is consistent with the obvious purpose of the "Any One Period of Expense" term which is to preclude indefinite payouts under the policy. Rather, once such a period of expense has been triggered, a second such period cannot commence until six months after the payments cease at which time the Maximum Benefit becomes available again for any would-be covered injury. (Id. at 14.)

The provision here is both clear and explicit. The Policy expressly states that the insurer will not "pay more than the Maximum Benefit for Any One Period of Expense." (SCUF ¶ 114.) As the Parties agree that "Any One Period of Expense" ends when no additional charges for the coverage-triggering injury are incurred for six months, it is axiomatic that coverage will not

JS - 6     **LINK: 23**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8081 GAF (JEMx) | Date | November 13, 2014 |
|---|---|---|---|
| Title | Halayne Kasoff v. Bankers Life and Casualty Company et al | | |

extend to additional claims, causally-distinct or otherwise, once the Maximum Benefit has been paid and before the conclusion of the six-month washout period. Expanding the Policy to reset the Maximum Benefit amount payable for additional claims without regard to benefits already paid under the Policy, solely because the new claims are causally distinct from the initial coverage-triggering claim, would increase the insured's benefit exponentially and well beyond the plain meaning of the Policy. Given that the Court finds the provision clear and explicit, it must be given its proper effect. See Spectrum Worldwide, Inc., 555 F.3d at 777 (citing Fireman's Fund Ins. Co. v. Superior Court, 65 Cal. App. 4th 1205, 1212 (1997)). Because six consecutive months had not passed since Plaintiff received benefits for her shoulder injury, the initial coverage-triggering injury, she was not entitled to additional benefits. Thus, Defendant properly denied coverage under the Policy.

Accordingly, because there are no material facts in dispute and because the Court finds that, as a matter of law, Defendant properly denied coverage, the Court must **GRANT** Defendant's Motion for Summary Judgment.

## IV.
## CONCLUSION

For the reasons given above, Defendant's Motion for Summary Judgment is **GRANTED**. The hearing presently scheduled for November 24, 2014, is hereby **VACATED**.

**IT IS SO ORDERED.**